1   STEVEN G. TIDRICK, SBN 224760
    ANDREW L. YOUNKINS, SBN 267811
2   THE TIDRICK LAW FIRM
    2039 Shattuck Avenue, Suite 308
3   Berkeley, California 94704
    Telephone: (510) 788-5100
4   Facsimile: (510) 291-3226
    E-mail:    sgt@tidricklaw.com
5
    Attorneys for Plaintiff
6   SATYA DEV TRIPURANENI

7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10  SATYA DEV TRIPURANENI,                    Civil Case Number: C12-4079

11              Plaintiff,                    **COMPLAINT FOR:**

12      v.                                    **(1) RETALIATION AND REPRISAL
                                                 IN VIOLATION OF LABOR CODE
13  INFOSYS LIMITED, a foreign corporation;      § 1102.5;
    and DOES 1-20,                            (2) CONSTRUCTIVE DISCHARGE IN
14                                                VIOLATION OF PUBLIC POLICY**
                Defendants.
15                                            **DEMAND FOR JURY TRIAL**

16

17          Plaintiff asserts this Complaint against Defendant and alleges as follows:

18                              **NATURE OF THE ACTION**

19          1.      Plaintiff Satya Dev Tripuraneni ("Plaintiff" or "Tripuraneni"), a citizen of the

20  United States, was a successful accounts manager at a California office of Infosys Limited

21  ("Infosys"), a foreign corporation headquartered in Bangalore, India, with about 145,000

22  employees worldwide, until he realized that Infosys was involving its clients in immigration

23  fraud, and spoke out against it. Infosys routinely requested business visas for foreign workers

24  to come to this country and work for Infosys's clients (U.S.-based businesses), and convinced

25  its clients to bill other individuals for the work. This allowed Infosys to bring Indian nationals

26  here to work in violation of U.S. immigration laws. As a law abiding citizen, Mr. Tripuraneni

27  blew the whistle — hard. He spoke out to Infosys management and informed the U.S.

28  Department of Homeland Security. But instead of rewarding Tripuraneni, Infosys initiated a

                                              1

1 full-throated campaign of retaliation in a concerted effort to pressure Infosys personnel not to
2 cooperate with federal authorities. Mr. Tripuraneni's supervisor took away 80% of
3 Tripuraneni's portfolio and gave him unwarranted negative evaluations, totally derailing his
4 career. His supervisor and the team stopped cooperating with him and stopped supporting
5 him. The working conditions became so intolerable that Mr. Tripuraneni was eventually
6 forced to quit. He sues Infosys under the California Labor Code and the common law,
7 seeking monetary damages, including punitive damages, and costs of suit.

8 ## THE PARTIES

9     2.     Plaintiff Satya Dev Tripuraneni ("Plaintiff") is an individual and a resident of
10 Contra Costa County, State of California.

11     3.     Defendant Infosys Limited is, and at all times mentioned was, a foreign
12 corporation having a place of business in Alameda County, California, at 6607 Kaiser Drive,
13 Fremont. Headquartered in Bangalore, India (a city known as the "Silicon Valley of India"),
14 Infosys has described itself as a company that "delivers technology-enabled business solutions
15 that help Global 2000 companies win in a Flat World." Infosys has advertised itself as a
16 "global leader in the 'next generation' of IT and consulting." Infosys has touted that it
17 "pioneered the Global Delivery Model" that was a "force in the industry leading to the rise of
18 offshore outsourcing." Infosys has advertised its services with the slogans: "Get Flat World
19 business secrets from a flat world company" and "Driven By Values." Infosys has over 50
20 offices worldwide.

21     4.     The true names and capacities, whether individual, corporate, associate or
22 otherwise, of each of the Defendants designated herein as DOES are unknown to Plaintiff at
23 this time and therefore said Defendants are sued by such fictitious names. Plaintiff will
24 amend this Complaint to show their true names and capacities when ascertained. Plaintiff is
25 informed and believes and thereon alleges that each Defendant designated herein as a DOE
26 defendant is legally responsible in some manner for the events and happenings herein alleged
27 and in such manner proximately caused damages to Plaintiff as hereinafter further alleged.

28     5.     Plaintiff is informed and believes and thereupon alleges that each of the

2

1  Defendants was acting as the agent, employee, partner, or servant of each of the remaining

2  Defendants and was acting within the course and scope of that relationship, and gave consent

3  to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

4  **JURISDICTION AND VENUE**

5  6.  This Court has subject-matter jurisdiction to hear this case in accordance with

6  28 USC § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and

7  costs, and because this action is between a citizen of a State and a citizen of a foreign state.

8  7.  Venue is proper in this district in accordance with 28 USC § 1391 because

9  some or all of the actions alleged herein occurred within the Northern District of California.

10  8.  A substantial part of the events and/or omissions that give rise to the claims

11  alleged herein occurred in Alameda County, and accordingly this action may be assigned to

12  the San Francisco/Oakland Division of this Court.

13  9.  The Court has personal jurisdiction over Defendants because they are doing

14  business in California, have committed acts or omissions in California with respect to one or

15  more causes of action arising from these acts or omissions, and/or have caused effects in

16  California with respect to one or more causes of action arising from these effects.

17  **FACTS COMMON TO ALL CAUSES OF ACTION**

18  10.  On or about March 26, 2007, Plaintiff began working for Infosys as an

19  accounts manager.

20  11.  Between approximately March 26, 2007 and March 6, 2012, Plaintiff worked

21  for the Fremont, California office of Infosys.

22  12.  Up until 2011, Plaintiff's employment with Infosys was remarkably successful.

23  Plaintiff developed a large portfolio of business for his employer, Infosys, and consistently

24  received very good or excellent performance evaluations. In 2010, Plaintiff received the CSG

25  Gold Standard award for 2009 – 2010 which congratulated him for his "exemplary

26  performance" in the sales management.

27  13.  In 2011, Plaintiff became aware of illegal and fraudulent activity on the part of

28  his employer, Infosys.  Plaintiff was asked to bring a client into confidence to allow an

3

1   Infosys resource to come to the United States and work on a B1 (non-immigrant business)

2   visa. Then Plaintiff was asked to persuade the client to agree not to bill a person on site, but

3   rather to bill for dummy resources outside the United States who were not involved in the

4   client's business. Plaintiff refused this request, as he believed that this practice was illegal,

5   and would also cause his client to be engaging in illegal activity.

6   14.   Plaintiff was informed that the practice of acquiring visas for Infosys personnel

7   on the false premise that they would be working in the United States for a client was

8   something that was already done for Cisco, another Infosys client. In those cases, a client

9   manager persuaded the client to bill for dummy offshore resources while the actual resource

10  was in the United States on a B1 visa and working at the client location.

11  15.   At around the same time that he discovered Infosys's practice of fraudulently

12  acquiring visas for its own personnel, plaintiff also became aware that Infosys had been

13  charging clients for taxes over and above the required charge. In essence, Infosys was

14  defrauding its own United States clients by charging them for taxes, a practice reserved for

15  situations in which work was performed by Infosys personnel in other countries, even though

16  U.S. Infosys personnel were involved in serving a United States client.

17  16.   On or about November 21, 2011, Plaintiff confronted his supervisor, Frederic

18  Ramioulle ("Ramioulle"), about his employer's illegal practices. Ramioulle's response was to

19  say, 'who cares?,' and to threaten Plaintiff that if he talked with others about these practices,

20  the size of his client portfolio would be reduced.

21  17.   On or about December 1, 2011, Plaintiff's performance was evaluated by

22  Ramioulle, and Plaintiff was given a negative evaluation. Plaintiff received a CRR score (an

23  important measure of success at Infosys) that was below any such score he had received in the

24  past.

25  18.   Understanding that his negative performance evaluation was a form of

26  retaliation for voicing his concerns about Infosys's illegal activities, Plaintiff escalated his

27  complaints to the Infosys Whistleblower team, informing them of Infosys's fraudulent visa

28  and tax practices, and offering to substantiate these claims with documentation.

4

1    19.    Beginning on or about December 5, 2011, Plaintiff spoke with Timothy Forte

2  ("Forte"), a Special Agent with the US Department of State, and related to him the substance

3  of his complaints about Infosys's illegal activities. Plaintiff filed a whistleblower complaint

4  with the Department of Homeland Security and provided Mr. Forte with documentation to

5  substantiate his allegations about Infosys's illegal activities.

6    20.    Infosys became aware of Plaintiff's whistleblowing to the federal government.

7    21.    Following Plaintiff's whistleblowing complaints to Infosys management and

8  the United States government, Plaintiff was the subject of a systematic campaign of retaliation

9  by his supervisor, Ramioulle. Despite Plaintiff's successes and those of his team, Ramioulle

10 reassigned over 80% of Plaintiff's portfolio to other Infosys employees. Ramioulle frequently

11 made unwarranted criticisms of Plaintiff's job performance, while at the same time failing to

12 effectively manage the account taken away from Plaintiff. Ramioulle assigned Plaintiff to

13 report to a less experienced employee. Ramioulle spread malicious lies about Plaintiff to

14 other employees, including the lie that Plaintiff called Ramioulle at midnight and asked for his

15 credit card so that Plaintiff could buy an iPad. These and other actions were taken to harass

16 Plaintiff and prevent him from achieving success at Infosys. While Plaintiff's career at Infosys

17 had been progressing well prior to his whistleblowing activities, the negative performance

18 evaluations and the taking away of his accounts by Ramioulle did irreparable damage to

19 Plaintiff's ability to succeed and be promoted at Infosys.

20    22.    At the same time as Ramioulle was taking reprisal action against Plaintiff,

21 Plaintiff was in contact with Jeffrey Friedel ("Friedel"), Infosys's in-house attorney,

22 beginning in approximately December of 2012. Plaintiff reported to Friedel numerous times

23 about the retaliation and reprisal that he was experiencing from his supervisor. Nevertheless,

24 the retaliation and reprisal by Ramioulle against him continued unabated.

25    23.    On or about February 16, 2012, an anonymous individual made a telephone

26 call to Plaintiff's home and threatened Plaintiff's family. The anonymous caller asked why

27 Plaintiff was complaining about Indian companies.

28    24.    The harassment that Plaintiff experienced at Infosys was so severe that Plaintiff

5

COMPLAINT

1   has suffered humiliation, mental anguish, and emotional and physical distress, injured in mind
2   and body with depression, anxiety, neck problems, grinding of teeth, and inability to sleep
3   well, affecting his ability to perform certain tasks, including searching for new employment.
4   As a result, Plaintiff sought and received medical treatment, which has continued.

5       25.    Eventually, working conditions at Infosys became so intolerable that Plaintiff
6   was forced to resign. On March 6, 2012, Plaintiff tendered his resignation to Infosys.

7                       **UNCONSIONABLE ARBITRATION CLAUSE**

8       26.    Infosys purports to prevent its employees from pursuing claims in court by
9   imposing a requirement that certain disputes with Infosys be submitted for binding arbitration.
10  This purported requirement is procedurally unconscionable. Infosys has imposed it as a
11  condition of employment at Infosys with no opportunity to negotiate, as part of a "US Joining
12  Kit" that, on information and belief, Infosys imposed on all of its employees in the United
13  States. It is also substantively unconscionable. It is one-sided, purporting to allow Infosys to
14  go to court and seek injunctive relief on certain claims against its employees, and to recover
15  attorneys fees and costs on such claims, while barring the employee from access to court on
16  the employee's claims against Infosys. Accordingly, other courts have held that Infosys's
17  purported arbitration requirement is unconscionable and unenforceable.

18
19          **COUNT I:  RETALIATION AND REPRISAL IN VIOLATION OF CALIFORNIA
            LABOR CODE § 1102.5 (Against All Defendants)**

20      27.    Plaintiff realleges and incorporates by reference each and every allegation
21  contained in each of the above paragraphs as if fully set forth herein.

22      28.    California Labor Code § 1102.5(b) provides: "An employer may not retaliate
23  against an employee for disclosing information to a government or law enforcement agency,
24  where the employee has reasonable cause to believe that the information discloses a violation
25  of state or federal statute, or a violation or noncompliance with a state or federal rule or
26  regulation."

27      29.    As alleged above, Defendants' conduct toward Plaintiff was motivated by
28  malicious intent toward Plaintiff.

6

1     30.    The conduct of Infosys as alleged above constitutes retaliation and reprisal

2     action against Plaintiff, in violation of California Labor Code § 1102.5(b), for Plaintiff's

3     protected disclosures of conduct that Plaintiff reasonably to be unlawful.

4     31.    As a proximate result of Defendants' conduct as alleged above, Plaintiff has

5     been harmed in that Plaintiff has suffered a loss in compensation, as well as the intangible loss

6     of employment-related opportunities. As result, Plaintiff has suffered such damages in an

7     amount according to proof.

8     32.    As a further proximate result of the Defendants' conduct as alleged above,

9     Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and

10    emotional and physical distress, and has been injured in mind and body with emotional harm,

11    anxiety and insomnia. As a result, Plaintiff has suffered such damages in an amount

12    according to proof.

13    33.    The above-recited actions of Defendants were done with malice, fraud, or

14    oppression, and in reckless disregard of Plaintiff's rights. Because these acts were carried out

15    in a despicable, deliberate, and intentional manner, this conduct warrants the assessment of

16    punitive damages in a sum sufficient to punish and deter future such conduct.

17

18    **COUNT II: CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY**
      **(Against All Defendants)**

19    34.    Plaintiff realleges and incorporates by reference each and every allegation

20    contained in each of the above paragraphs as if fully set forth herein.

21    35.    The public policy of the State of California recognizes and promotes the right

22    of individuals who are aware of illegal employment practices to report those practices to the

23    government without fear of retaliation or reprisal by their employer. California public policy

24    recognizes and protects individuals who are harassed, discharged or otherwise punished for

25    reporting illegal activities to government entities, and prohibits those actions, while giving

26    individuals who are retaliated against the right to seek redress in a court of law. Said policies

27    are expressed in the Labor Code, decisions of the courts of this state, and elsewhere.

28    36.    Infosys, through its agents, committed the acts set forth above, including

7

1   retaliation and reprisal against Plaintiff. These retaliatory and reprisal actions were taken

2   against Plaintiff because he disclosed Infosys's illegal practices to the United States

3   government. Infosys had actual or constructive knowledge of the intolerable conditions at

4   Infosys and their effect on Plaintiff, but failed to properly investigate his complaints and failed

5   to take appropriate corrective action to prevent and stop the harassment and retaliation.

6       37.     As a proximate result of Defendants' conduct as alleged above, Plaintiff has

7   been harmed in that Plaintiff has suffered a loss in compensation, as well as the intangible loss

8   of employment-related opportunities. As result, Plaintiff has suffered such damages in an

9   amount according to proof.

10      38.     As a further proximate result of the Defendants' conduct as alleged above,

11  Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and

12  emotional and physical distress, and has been injured in mind and body with emotional harm,

13  anxiety and insomnia. As a result, Plaintiff has suffered such damages in an amount

14  according to proof.

15      39.     The above-recited actions of Defendants were done with malice, fraud, or

16  oppression, and in reckless disregard of Plaintiff's rights. Because these acts were carried out

17  in a despicable, deliberate, and intentional manner, this conduct warrants the assessment of

18  punitive damages in a sum sufficient to punish and deter future such conduct.

19      40.     In doing the acts set forth above, Infosys knew that its conduct violated public

20  policy. Notwithstanding this knowledge, Infosys despicably subjected Plaintiff to cruel and

21  unjust hardship in conscious disregard of Plaintiff's rights by allowing his employment

22  conditions to remain intolerable, as set forth above.

## PRAYER FOR RELIEF

24  WHEREFORE, Plaintiff prays for judgment as follows:

25      a) For back pay, front pay, and other monetary relief according to proof;

26      b) For general damages according to proof;

27      c) For punitive damages in an amount appropriate to punish Defendant for its

28          wrongful conduct and to set an example for others;

8

1    d) For interest on the sum of damages awarded;

2    e) For costs of suit herein incurred; and

3    f) For such other and further relief as the Court deems proper.

4    DATED: August 2, 2012                    Respectfully submitted,

5                                             THE TIDRICK LAW FIRM

6

7                                   By:

8                                             STEVEN G. TIDRICK, SBN 224760

9                                             THE TIDRICK LAW FIRM
                                              2039 Shattuck Avenue, Suite 308
10                                            Berkeley, California 94704
                                              Telephone: (510) 788-5100
11                                            Facsimile: (510) 291-3226
                                              E-mail:    sgt@tidricklaw.com
12
                                              Attorneys for Plaintiff
13                                            SATYA DEV TRIPURANENI

14

15                              **JURY DEMAND**

16    Plaintiff hereby demands a trial by jury on all counts and on all issues so triable.

17    DATED: August 2, 2012                    Respectfully submitted,

18                                             THE TIDRICK LAW FIRM

19

20                                  By:

21                                            STEVEN G. TIDRICK, SBN 224760
                                              ANDREW L. YOUNKINS, SBN 267811

22                                            THE TIDRICK LAW FIRM
                                              2039 Shattuck Avenue, Suite 308
23                                            Berkeley, California 94704
                                              Telephone:  (510) 788-5100
24                                            Facsimile:   (510) 291-3226
                                              E-mail: sgt@tidricklaw.com
25
                                              Attorneys for Plaintiff
26                                            SATYA DEV TRIPURANENI

27

28
                                    9